## S99A1268. IN THE MATTER OF JOSEPH BYRON ERVIN.
(518 SE2d 423)

PER CURIAM.

Pursuant to Rule 8-107 of the State Bar, the Commission on Continuing Lawyer Competency (CCLC) reported that Joseph B. Ervin failed to comply with the mandatory continuing legal education requirements for 1997. Accordingly, on December 23, 1998, this Court entered an order specifying that, unless it received notice from the CCLC by January 30, 1999 indicating Ervin's compliance, he would then be suspended from membership in the State Bar until such time as he did comply with the requirements and with Rule 8-108 of the State Bar. When the CCLC subsequently reported that Ervin had not complied with the order of December 23, 1998, this Court suspended him from membership in the State Bar on February 16, 1999. That order of suspension again specified that Ervin's readmission was contingent upon the CCLC reporting to this Court that he had complied with mandatory legal education requirements for 1997 and upon compliance with Rule 8-108 of the State Bar.

Ervin has now filed directly in this Court a motion to vacate the suspension order of February 16, 1999. It is clear, however, that he may seek reinstatement only pursuant to Rule 8-108 of the State Bar. Under that Rule, this Court will order reinstatement only pursuant to a motion of the CCLC and upon a showing that Ervin has corrected any delinquency and paid the applicable reinstatement fee. Therefore, Ervin's motion to vacate the suspension order of February 16, 1999 is denied and, in accordance with Rule 8-108 of the State Bar, he is directed to seek any future reinstatement through the offices of the CCLC as provided by said Rule.

*Motion denied. All the Justices concur.*

DECIDED JUNE 14, 1999.

*William P. Smith III, General Counsel State Bar, Robert E. McCormack, Assistant General Counsel State Bar,* for State Bar of Georgia.